ʃ 4

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1874 | **DATE** | 11/29/2001 |
| **CASE TITLE** | JUDITH PETTIJOHN McCONNELL vs. CARLTON CLUB/RITZ CARLTON HOTEL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment [38-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/29/2001 | |
| SB | courtroom deputy's initials | ...CTING 01 NOV 30 PM 3: 04 | date mailed notice | |
| | | | CB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDITH PETTIJOHN McCONNELL                )
                                          )
                        Plaintiff,        )    No. 01 C 1874
                                          )
        v.                                )    Suzanne B. Conlon, Judge
                                          )
CARLTON CLUB/RITZ CARLTON                 )
HOTEL                                     )
                                          )
                        Defendants.       )

## MEMORANDUM OPINION AND ORDER

Judith Pettijohn McConnell, *pro se*, sues Carlton Club/Ritz Carlton Hotel ("Ritz Carlton")

for discrimination in the terms and conditions of her employment under the Age Discrimination in

Employment Act ("AEDA"), 29 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 *et seq.* The court dismissed the ADA claims on June 7, 2001. Ritz-

Carlton moves for summary judgment on McConnell's age discrimination claim.

## BACKGROUND

### I.     McConnell's Rule 56.1 Responses

Although *pro se* plaintiffs are entitled to more lenient standards in some circumstances, the

standards do not diminish in complying with procedural rules. *Jones v. Phipps*, 39 F.3d 158, 163 (7th

Cir. 1994). McConnell's Rule 56.1 responses to Ritz-Carlton's statement of material facts do not

comply with this court's local rules. McConnell's factual denials are not supported by the record

cited, or contain no citation to the record. All relevant facts denied without supporting

documentation must be accepted as true. *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 518-19 (7th Cir.

1992); Local Rule 56.1, 56.2. McConnell's denials rely on unauthenticated documents. *See Woods v. City of Chicago,* 234 F.3d 979, 988 (7th Cir. 2000) (evidence submitted at summary judgment must be admissible at trial under Federal Rules of Evidence). Furthermore, McConnell includes additional statements of fact in her response, and "commingles them seamlessly with paraphrases" of Ritz-Carlton's Rule 56.1 statement of facts. *Stohl v. St. Joseph Health Ctrs. and Hosp.,* No. 97 C 4970, 1998 WL 312005, at * 3 (N.D. Ill. Jun. 4, 1998). Accordingly, Ritz Carlton's factual statements are deemed admitted where McConnell's denials are unsupported; the court must disregard the additional facts in McConnell's Rule 56.1 response. *Id.*; Local Rule 56.1.

## II.    The Facts

All facts are undisputed unless otherwise noted. The Carlton Club is a private club in the Ritz-Carlton hotel. In October 1999, Pedro Dos Santos, managing director of the club, and Thomas Kelly, Ritz Carlton's general manager, interviewed McConnell for a membership director position at the club. Kelly and Lisa Jensen, director of human resources, approved Dos Santos' decision to hire McConnell. McConnell started her employment at the club that month. Her duties included solving members' problems, recruiting new members, planning events, and sending out newsletters and other mailings. McConnell supervised Tamela Jones and Linda Trompe, the club's receptionists. Dos Santos was McConnell's direct supervisor.

In January 2000, Dos Santos completed a written evaluation of McConnell's first three months of employment. Dos Santos believed McConnell's progress in the department was slow. He expressed concern about her knowledge of club policies and procedures, attention to detail, interaction with other employees, and involvement with club members. Dos Santos commented McConnell had a "superior attitude," and needed to provide more support to younger managers. Def.

2

56.1 Facts at ¶ 16. Dos Santos encouraged McConnell to improve her performance and to accept his evaluation with a positive attitude.

In January 2000, Dos Santos sent McConnell an e-mail expressing his dissatisfaction with her work on membership mailings. On March 2, 2000, Dos Santos sent McConnell another e-mail criticizing her failure to meet January and February's mailing goals. On April 17, 2000, Dos Santos recommended McConnell's termination to Jensen and Kelly in a memorandum. He identified the following areas of concern: (1) McConnell did not understand her role as manager or the company's philosophy towards employees; (2) her attitude resulted in poor teamwork and an unhealthy office environment; (3) he disapproved of McConnell's e-mail use in sensitive situations; (4) she did not interact with club members; (5) she created a negative perception with the hotel's department heads; and (6) McConnell believed she was always right while others were wrong. Def. 56.1 Facts, Ex. J. Jensen and Kelly reviewed and approved Dos Santos' recommendation. Dos Santos informed McConnell of her termination on April 25, 2000. At that meeting, Dos Santos provided McConnell with three reasons for her termination: she was not a good fit for the company; she failed to fill the function space at the club; and she failed to interact with company employees. McConnell was 58 years old when Ritz-Carlton terminated her employment.

## DISCUSSION

### I.    Standard of Review

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must

go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). If the moving party meets this burden, the nonmovant must then respond by setting forth specific facts which demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e).

## II.    McConnell's Age Discrimination Claim

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). When a plaintiff alleges age discrimination, an employer is liable only if age actually motivated the employer's decision. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). McConnell may prove intentional age discrimination through either direct or indirect evidence. *Robin v. ESPO Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000); *Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000). McConnell admits she cannot present direct evidence of discrimination.

McConnell proceeds under the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 889 (7th Cir. 1997). First, McConnell must demonstrate a *prima facie* case. *McDonnell Douglas*, 411 U.S. at 802.

4

If successful, the burden of production shifts to Ritz-Carlton to articulate a legitimate, nondiscriminatory reason for the termination. *Id.* If Ritz-Carlton articulates such a reason, the burden shifts back to McConnell to prove by a preponderance of the evidence Ritz-Carlton's proffered reason was a pretext for discrimination. *Id.* at 804.

In order to establish a *prima facie* case under *McDonnell Douglas*, McConnell must prove: (1) she was in a protective age group of 40 or older; (2) she met Ritz-Carlton's legitimate expectations; (3) she was terminated; and (4) similarly situated employees were treated more favorably. *Pitasi v. Gartner*, 184 F.3d 709, 716 (7th Cir. 1999). Ritz-Carlton argues McConnell cannot establish the second and fourth elements of a *prima facie* case. Analysis of Ritz-Carlton's legitimate expectations is unnecessary because the individual judging her performance – Dos Santos – is the same individual accused of discrimination. *Oest v. Illinois Dept. of Corr.*, 240 F.3d 605, 612 n.3 (7th Cir. 2001); *Howell v. Bd. of Trust of Univ. of Illinois*, No. 00 C 3402, 2001 WL 740513, at * 5 (N.D. Ill. Jun. 28, 2001). Moreover, it is well-settled a plaintiff can establish the fourth element of a *prima facie* case by demonstrating a substantially younger employee was hired as a replacement. *Ritcher v. Hook-Superx, Inc.*, 142 F.3d 1024, 1028 (7th Cir. 1998) (ten-year age difference between plaintiff and her replacement is substantial); *Janiuck v. TCG/Trump Co.*, 157 F.3d 504, 509 (7th Cir. 1998). It is undisputed McConnell was replaced by Lisa Geiger, a 26-year old woman at least 32 years younger than McConnell. Def. 56.1 Facts at ¶ 49. Although McConnell establishes a *prima facie* case, she fails to demonstrate Ritz-Carlton's legitimate non-discriminatory reason for her termination is pretextual.

## A. Legitimate Non-discriminatory Reason

Ritz-Carlton argues McConnell was fired because of her poor performance as club membership director. Ritz-Carlton advances Dos Santos' January 2000 performance evaluation, his memorandum to senior staff recommending McConnell's termination, and Dos Santos' two e-mails to McConnell explaining his dissatisfaction with membership mailings. Def. 56.1 Facts, Ex. H-J. It is undisputed those documents detail various problems with McConnell's performance, including her negative attitude towards younger hotel managers, poor teamwork skills, failure to interact with club members, and failure to meet the club's mailing goals. *Id.; Ritcher,* 142 F.3d at 1029. Indeed, McConnell admits responsibility for failing to meet the mailing goals. Def. 56.1 Facts, Ex. A at 190. McConnell concedes she felt uncomfortable talking to club members. Def. 56.1 Facts at ¶ 66. She admits she disliked Linda Dompe, one of two employees she supervised. *Id.* at ¶ 60. Consequently, Ritz-Carlton establishes a legitimate, non-discriminatory reason for McConnell's discharge.

## B. Pretext

McConnell must demonstrate Ritz-Carlton's proffered reason for her termination is pretextual. "A pretext, in employment law, is a phony reason that the employer offers for engaging in discriminatory conduct." *Mills v. First Fed'l Sav. & Loan Ass'n of Belvidere,* 83 F.3d 833, 845 (7th Cir. 1996) (internal quotations omitted). The wisdom of the employer's decision is not at issue; the genuineness of the employer's motives is significant. *Testerman v. EDS Technical Products Corp.,* 98 F.3d 297, 304 (7th Cir. 1996). A plaintiff can demonstrate an employer's proffered reason is pretextual: "(1) by showing that a discriminatory reason more likely than not motivated the employer"; or (2) "that the employer's proffered explanation is unworthy of credence." *Kralman v. Illinois Dept. of Veterans' Affairs,* 23 F.3d 150, 156 (7th Cir. 1994). McConnell advances two

purported age-related statements by Dos Santos as evidence of pretext. Additionally, McConnell

disputes Dos Santos' evaluation of her performance as club membership director.

### 1.    Age-related Statements

McConnell advances two comments by Dos Santos as evidence of age discrimination. In

determining whether an inference of discriminatory intent from stray remarks is reasonable, the court

examines "the nature of the alleged discriminatory remarks, their relationship to the employment

decision in question, the nature of the stated reason for the employer's action, and the existence of

other evidence calling that reason into doubt." *Fuka v. Thomson Consumer Elect.*, 82 F.3d 1397,

1406 (7th Cir. 1996).

McConnell claims Dos Santos called her "conservative." Def. 56.1 Facts at ¶ 46. Dos Santos

purportedly made that comment while discussing the captions of pictures in member newsletters.

He stated: "You are far more conservative than I." *Id.* at ¶ 45. While McConnell believes that

comment is age-related, the word "conservative" does not objectively refer to an individual's age.

*See Fortier v. Ameritech Mobile Comm., Inc.*, 161 F.3d 1106, 1113 (7th Cir. 1998) (comments like

"a lot of energy" and "quick study" are not evidence of age bias). Nor does the context of that

conversation demonstrate Dos Santos was referring to McConnell's age. *See e.g. Fortier v.*

*Ameritech Mobile Communications, Inc.*, 161 F.3d 1106, 1113 (7th Cir.1998) (the term "new blood"

in the abstract means a change, and is not evidence of age discrimination). Indeed, the context

suggests Dos Santos referred to McConnell's choice of words in the picture captions. *See Mills*, 83

F.3d at 845. McConnell does not advance evidence to relate that comment to her termination. Thus,

Dos Santos' comment fails to demonstrate pretext.

McConnell points to Dos Santos' evaluation in January 2000, where he criticized McConnell

for her superior attitude towards younger employees. Def. 56.1 Facts, Ex. G. However, McConnell's

treatment of younger managers at Ritz-Carlton is instructive. McConnell admits she believed Ritz-

Carlton's younger managers, including catering manager Meghan Deerling (age 29), were immature.

Def. 56.1 Facts, Ex. A at 157. McConnell concedes she may have referred to younger employees

as kids "because they are kids to me." *Id.* at 157, 166. McConnell's treatment of Ritz-Carlton's

younger employees demonstrates Dos Santos' comments were warranted. Moreover, Dos Santos'

comments do not reasonably suggest hostility to older workers. Instead, McConnell's behavior

shows *her* bias towards younger employees. Consequently, McConnell cannot rely on Dos Santos'

comments to defeat summary judgment.

### 2.    Ritz-Carlton's Termination Decision

McConnell argues Ritz-Carlton's proffered reason for her termination is false. In support,

McConnell vigorously disputes Dos Santos' evaluation of her performance. However, McConnell's

unsupported assertions about her own performance cannot defeat summary judgment. *Adusumilli*

*v. City of Chicago*, 164 F.3d 353, 363 (7th Cir. 1998) (self-serving statements about plaintiff's

abilities cannot refute employer's negative evaluation). McConnell's assertions about her

performance are addressed to the extent they are supported by the record.

McConnell contends Ritz-Carlton's failure to discharge her after Dos Santos' negative

evaluation demonstrates his evaluation is false. McConnell's argument is without merit. Dos Santos

expressly stated his comments were intended to help McConnell improve her performance. Def. 56.1

Facts, Ex. G. Dos Santos encouraged McConnell to accept the evaluation with a positive attitude.

*Id.* McConnell advances a congratulatory e-mail from Dos Santos about an increase in club

membership, and good office teamwork. Pl. 56.1 Facts, Ex. E1-2. However, that e-mail was sent

8

to the entire club staff, and it congratulated the team for rectifying McConnell's initial failure to timely process membership mailings. *Id.*, Ex. E. McConnell advances a pay raise in April 2000 as evidence of her good performance. But all Ritz-Carlton salaried employees received annual pay raises in April 2000. Def. 56.1 Reply, Ex. 2A. Ritz-Carlton's annual pay raises are not performance-based. *Id.* McConnell contends Dos Santos called her the best and most professional club membership director. Pl. Resp. Br. at 9. However, McConnell relies on an unauthenticated, hearsay statement by Tamela Jones, an employee McConnell supervised. Pl. 56.1 Facts, Ex. C. The court cannot consider inadmissible evidence at summary judgment. *Eisenstandt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1999).

McConnell advances Dos Santos' comment to her that the "April newsletter looks great." Pl. Resp. Br. at 9. But McConnell fails to support that assertion with evidence in the record, and the court is unable to locate any support for the comment. Assuming McConnell produced a good newsletter, that fact does not require a rejection of Dos Santos' other reasons for her termination. *Anderson v. Stauffer Chemical*, 965 F.2d 397, 403 (7th Cir. 1992) ("The fact that an employee does some things well does not mean that any reason for [her] firing is a pretext for discrimination"). Similarly, Dos Santos' purported approval of her activities in an organization where she can recruit potential members is immaterial. Pl. Resp. Br. at 9. McConnell accuses Dos Santos of removing negative reviews from Lisa Dompe's employment file, a younger employee McConnell supervised. Pl. Resp. Br. at 5. That assertion is irrelevant and unsupported by the record evidence.

Significantly, McConnell concedes another potential reason for her termination. McConnell admits Dos Santos could have terminated her employment because he disliked her. Def. 56.1 Facts, Ex. A at 366. McConnell concedes Dos Santos did not appreciate being challenged, and McConnell

9

admits challenging him on several occasions. *Id.* at ¶ 85. At her deposition, McConnell was asked if she would have been terminated if she was younger. Her response was: "I have no idea." *Id.*, Ex. A at 91. McConnell's admissions demonstrate she is not convinced Ritz-Carlton terminated her employment because of her age. While McConnell may disagree with Dos Santos' assessment of her performance, "[t]his court does not sit as a super-personnel department that reexamines an entity's business decisions." *Dale v. Chicago Tribune, Co.*, 797 F.2d 458, 464 (7th Cir. 1986).

Other aspects of McConnell's employment are instructive. Dos Santos is two years older than McConnell. Where the primary decision-maker is older than the plaintiff, it is unlikely he discriminated based on age. *Mills*, 83 F.3d at 842. McConnell was hired and discharged by Dos Santos, Kelly, and Jensen. Where the same individuals hired and fired a plaintiff, there is a presumption of nondiscrimination. *Roberts v. Seperators, Inc.*, 172 F.3d 448, 452 (7th Cir. 1999); *Chiaramonte v. Fashion Bed Gp.*, 129 F.3d 391, 399 (7th Cir. 1999) (same). At the time of her hiring, Dos Santos expressly informed McConnell she was selected for the position because of her age. Dos Santos believed McConnell would remain at the club for an extended period of time. Def. 56.1 Facts, Ex. A at 332. Because McConnell's age was considered a positive factor, it is unlikely Ritz-Carlton discriminated based on age. *Beatty v. Wood*, 204 F.3d 713, 716 (7th Cir. 2000). McConnell fails to raise a genuine issue Ritz-Carlton's proffered reason for her termination is pretextual. Accordingly, summary judgment must be granted on McConnell's age discrimination claim.

# CONCLUSION

The motion for summary judgment is granted.


November 29, 2001

ENTER:

Súzanne B. Conlon
United States District Judge